# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00072-APG-CWH-2 |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO VACATE SENTENCE** |
| WILLIAM MORRIS EBRON, | (ECF Nos. 66, 67, 75, 77) |
| Defendant. | |

Defendant William Ebron pleaded guilty to use of a firearm during a "crime of violence" under 18 U.S.C. § 924(c). Ebron now moves to vacate his conviction and sentence. He relies on *Johnson v. United States*, in which the Supreme Court struck down part of a crime-of-violence sentence enhancement in a statute similar to § 924(c). Ebron contends that *Johnson's* holding applies to the portion of § 924(c) that he was convicted under and means that he did not commit a crime of violence for purposes of this statute.

The government counters first by arguing that Ebron is precluded from challenging his sentence because he waived this right in his plea agreement. But when Ebron signed that deal, *Johnson* did not exist and there was no question that § 924(c) applied to him. And the Ninth Circuit has been clear that defendants cannot be held responsible for failing to make constitutional challenges that did not exist when they were sentenced; nor can we allow an unconstitutional sentence like this to remain. The government's waiver argument thus fails.

On the merits, I find that *Johnson* renders Ebron's § 924(c) conviction infirm. A crime can qualify as a § 924(c) crime of violence in only two ways: (1) it necessarily involved an attempted, threatened, or actual use of force against another (the force clause), or (2) it otherwise poses a serious risk of danger to others (the residual clause). The residual clause is unconstitutional under *Johnson* and recent Ninth Circuit precedent, so the government can no longer rely on it. And the force clause is out because the predicate crime that was used to qualify

as Ebron's crime of violence here—conspiracy to commit federal robbery—can be committed without using, threatening, or attempting to use physical force (after all, to conspire one need only enter an agreement). Because Ebron's predicate crime is not a match for either of § 924(c) crime-of-violence provisions, he no longer qualifies for this conviction. I thus grant his motion and vacate his sentence.[1]

**Background**

Ebron pleaded guilty to one count of using a firearm during a crime of violence under 18 U.S.C. § 924(c).[2] He was sentenced to 84 months' imprisonment.[3] Ebron admitted in his plea that he committed a crime of violence for purposes of § 924(c) by conspiring to commit robbery under the Hobbs Act ("Hobbs Act conspiracy").[4]

The government raises two arguments against Ebron's motion to vacate: (1) that he should be barred from challenging his sentence in the first place because he entered into a plea agreement and did not raise this challenge sooner, and (2) that his admission to a Hobbs Act conspiracy still qualifies as a crime of violence under § 924(c).

/ / / /

/ / / /

/ / / /

/ / / /

---

[1] Both Ebron and the government moved to submit supplemental authority in support of their respective positions. ECF Nos. 75, 77. I have reviewed those filings, so I grant those motions.

[2] ECF No. 43.

[3] ECF No. 57.

[4] Although Ebron's conspiracy charge was dismissed, he admitted to committing the crime for purposes of his § 924(c) conviction. ECF No. 44 at 3:5-6 (including the element of committing federal robbery "as charged in Count One of the Indictment); ECF No. 9 (indictment stating that Count One is for Hobbs Act conspiracy).

## Discussion

**A. Ebron did not waive his right to raise a new constitutional argument that was not previously available to him.**

The government first argues that Ebron waived his right to challenge his sentence by both signing a plea agreement and waiting so long to bring his challenge. As to his plea agreement, the Ninth Circuit has explained that a plea waiver cannot be enforced when a defendant challenges his sentence based on a now-unconstitutional statute.[5] And at the time Ebron was sentenced, his conviction qualified as a crime of violence under § 924(c). It was not until the Supreme Court handed down *Johnson* that a constitutional challenge was available to him. The government's plea waiver argument is thus meritless.

The government also argues that Ebron is procedurally barred from challenging his sentence under 28 U.S.C. § 2255. But § 2255(f)(3) allows Ebron to challenge his sentence within one year from "the date on which the right [he] assert[s] was initially recognized by the Supreme Court." Ebron moved for relief within a year after *Johnson*. And as I explain below, I find that the Supreme Court's constitutional ruling in *Johnson* applies to § 924(c). Ebron is therefore asserting a right that was recognized by the Supreme Court, making his motion timely. Indeed, courts have generally taken this approach to challenges under *Johnson*.[6] Ebron is thus not precluded from challenging his sentencing enhancement because he entered into a plea agreement and did not otherwise bring this challenge earlier.

/ / / /

---

[5] *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016).

[6] *See, e.g., Lilley v. United States*, 2016 WL 6997037, *4 (W.D. Wash. Nov. 30, 2016) ("[T]he court concludes that Mr. Lilley's waiver of his right to bring a collateral attack on his sentence does not apply to the instant Section 2255 petition based on *Johnson*.").

**B. Hobbs Act conspiracy does not qualify as a crime of violence under § 924(c).**

Title 18 U.S.C. § 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. An offense may qualify as a crime of violence under either of two clauses. Section 924(c)(3)(A), the statute's "force clause," covers a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B), the "residual clause," encompasses any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The government relies on the residual clause to oppose Ebron's motion. It contends that *Johnson* does not render § 924(c)'s residual clause unconstitutional, and that Ebron's commission of Hobbs Act conspiracy qualifies under the still-intact clause. In the past, courts often relied on the residual clause because there is more leeway in the standard: a predicate crime merely needs to involve a "substantial risk" of "physical force" being used against someone, and it qualifies. But this clause's nebulous nature raises serious due process concerns because it is difficult to discern when a predicate crime will qualify.

The Supreme Court addressed this very problem in *Johnson*. The Court considered whether the residual clause of the Armed Career Criminal Act ("ACCA"), passed constitutional muster. The ACCA's residual clause encompasses predicate crimes that "present[] a serious potential risk of physical injury to another," which is similar to §924(c)'s version, which covers crimes that "involve[] a substantial risk that physical force against the person . . . of another may be used . . . ." In *Johnson,* the Court concluded that "the [ACCA's] residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[7]

---

[7] *Johnson*, 135 S. Ct. at 2557.

Despite that the two clauses are similar, the government contends that *Johnson* was a one-off case that should be confined to the ACCA. And several courts outside of the Ninth Circuit agree.[8] These courts reason that the ACCA's residual clause was unconstitutionally broad and vague, at least in part, for reasons that don't track § 924(c)'s version. For one, § 924(c)'s residual clause is much narrower: it requires physical force to be used against a victim while the ACCA's clause extended to any crime that happened to cause a physical injury, whether or not physical force was used. For another, § 924(c)'s clause is limited to crimes that are inherently dangerous when they are committed, while the ACCA's clause extended to crimes that merely created a risk of danger in the future. Finally, the ACCA's clause sowed additional confusion because it covered any dangerous crimes that related to four distinct enumerated offenses; § 924(c) covers only a single dangerous crime, uses of physical force. So there are sensible reasons to distinguish *Johnson*.

But I must follow the Ninth Circuit's guidance, and there the government's argument fails. In *Dimaya v. Lynch*, the Ninth Circuit roundly rejected reading *Johnson* as confined to the ACCA, instead applying *Johnson* to invalidate the INA's residual clause.[9] Save an additional comma, the INA's residual clause is indistinguishable from § 924(c)'s clause.[10] The Ninth

---

[8] *See, e.g., United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016); *United States v. Moore*, 2016 WL 2591874, at *6 (E.D. Mich. May 5, 2016); *United States v. Dervishaj*, 169 F.Supp.3d 339, 347–50 (E.D.N.Y. 2016) (declining to invalidate 924(c)'s residual clause); *United States v. McDaniels*, 147 F.Supp.3d 427, 436–37 (E.D. Va. 2015) (predicting that "the Residual Clause of § 924(c)(3)(B) would likely not fail as unconstitutionally vague as it is distinguishable from the ACCA Residual Clause at issue in Johnson").

[9] *Dimaya v. Lynch*, 803 F.3d 1110, 1113 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).

[10] *Compare* 18 U.S.C. § 16(b) ("The term 'crime of violence' means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."), *with* 18 U.S.C. § 924(c)(3)(B) ("For purposes of this subsection the term 'crime of violence' means an

Page 5 of 8

Circuit has thus already addressed the argument whether a narrower residual clause like § 924(c)'s is invalidated under *Johnson*. And the answer, at least in this circuit, is that *Johnson* applies.

The *Dimaya* panel acknowledged that the ACCA's residual clause is worded a bit differently than the INA's.[11] But it reasoned that these were distinctions without a difference. The panel explained that, in striking down the ACCA's clause, the Supreme Court in *Johnson* was chiefly concerned with two problems: (1) that a crime qualified for the enhancement based on "a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," and (2) that the "ACCA's residual clause left uncertainty about how much risk it takes for a crime to qualify as a violent felony."[12] The panel concluded that these two problems "appl[y] with equal force to the similar statutory language and identical mode of analysis used to define a crime of violence for purposes of the INA."[13]

*Dimaya's* analysis of the INA applies with equal force to § 924(c)'s identically-worded residual clause, and the government offers no reason to think otherwise.[14] The Ninth Circuit signaled which factors in *Johnson* matter when determining whether a residual clause is unconstitutional, and those factors are equally relevant to § 924(c)'s clause. Whether a crime qualifies is tied to a "judicially imagined ordinary case," not "real-world facts." And determining how much risk it takes to qualify under § 924(c)'s vague "physical force" standard creates

---

offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

[11] *Dimaya*, 803 F.3d at 1115.

[12] *Id.*

[13] *Id.*

[14] The government argues I should ignore *Dimaya* because the panel in that case narrowly confined its holding to the INA. But it would have been improper for the panel to extend its reasoning to statutes not before it, and the government does nothing to counter the underlying reasoning applied by the panel.

uncertainty to say the least. Following *Dimaya's* lead, § 924(c)'s "similar statutory language and identical mode of analysis used to define a crime of violence" mean that *Johnson* applies and that § 924(c)'s residual clause is constitutionally infirm.

With the residual clause out of commission, and given that the government does not argue that Ebron's commission of Hobbs Act conspiracy could qualify under another part of § 924(c) untouched by *Johnson*,[15] Ebron's conviction and sentence under this statute are infirm. I grant his motion and vacate his sentence. Because Ebron was convicted only of this now-vacated § 924(c) charge, he appears eligible for immediate release.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motions under 28 U.S.C. § 2255 **(ECF Nos. 66, 67) are GRANTED**.

IT IS FURTHER ORDERED that the parties' motions for leave to file supplemental authority **(ECF Nos. 75, 77) are GRANTED**.

IT IS FURTHER ORDERED that within seven days of entry of this order, the United States shall submit a brief showing cause why Ebron should not be immediately released. If the government requests further incarceration, Ebron may file a response within seven days of the

---

[15] Even if the government had argued that Hobbs Act conspiracy qualifies under § 924(c)'s remaining force clause, the argument would fail. Section § 924(c)'s force clause requires that the defendant committed a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In other words, an element of the defendant's predicate felony must require that he did one of three things: (1) actually used force, (2) threatened to use force, or (3) attempted to use force against someone or their property. Hobbs Act conspiracy requires that the defendant merely enter into an agreement with another to commit robbery. 18 U.S.C. § 1951(b)(1). A defendant can therefore conspire to commit Hobbs Act robbery by entering an agreement, without ever actually using force, threatening force, or attempting to use force. Hobbs Act conspiracy is not a categorical match for 924(c)'s force clause.

government's brief. If no cause is shown to delay release or to hold a hearing, the court will order Ebron's release without further notice.

DATED this 3rd day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE