UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MORRIS EBRON,<br><br>Defendant. | Case No. 2:12-cr-00072-APG-CWH-2<br><br>**ORDER DENYING MOTIONS TO RECONSIDER AND TO STRIKE AND SETTING DETENTION HEARING**<br><br>(ECF Nos. 84, 88) |

I granted defendant William Ebron's motion to vacate his conviction for brandishing a firearm during a "crime of violence" under 18 U.S.C. § 924(c). Because this was Ebron's only conviction in this case, I ordered the government to show cause why Ebron should not be released from custody.

**A. Reconsideration of my prior order**

In its response to my order, the government asked me to reconsider my decision. ECF No. 82. Ebron moved to strike that response because the government had already filed an appeal, divesting me of jurisdiction to entertain reconsideration. ECF No. 84. The government concedes that its appeal may have been premature, but suggests a "pragmatic" solution would be for me to indicate my willingness to consider its request for reconsideration (so the government knows whether to move to dismiss its appeal). ECF No. 86.[1]

The government's motion for reconsideration raises two arguments: (1) that Ebron procedurally defaulted the argument he made in support of his original motion, and (2) that because he admitted to committing the lesser included offense of Hobbs Act Conspiracy, I should sentence him for that. I deny the government's motion. *See* Fed. R. Civ. P. 62.1(a)(2). *See also,* Fed. R. Crim. P. 37(a)(2).

---

[1] The government also filed a separate motion to reconsider, asserting the same arguments from its response to my order. ECF No. 88.

The procedural default argument fails for a few reasons. First, procedural default is an affirmative defense that the government can waive. *Trest v. Cain*, 522 U.S. 87, 89 (1997). The government admits that it did not raise this defense until after I granted Ebron's motion to vacate. Second, even if the government had timely raised this argument, I would join the courts holding that procedural default is excused in cases like this. *See Alvarado v. U.S.*, 2016 WL 6302517, *3 (C.D. Cal. Oct. 14, 2016) ("[I]n the wake of *Johnson*, courts in the Ninth Circuit have held that a section 2255 motion based on a *Johnson* claim is not procedurally defaulted because the claim was not 'reasonably available' prior to *Johnson*.") (citation omitted); *U.S. v. Chilton*, 2016 WL 6518665, *3 (N.D. Cal. Oct. 11, 2016) (same); *U.S. v. Santos*, 2016 WL 5661553, *3 (C.D. Cal. Sept. 9, 2016) (petitioner satisfied "cause" prong of the test for avoiding procedural default of *Johnson*-based challenge to his sentence under the Career Offender Guideline residual clause); *U.S. v. McGary*, 2016 WL 4126451, *2 (N.D. Cal. Aug. 3, 2016) (same).

As to the government's argument that Ebron should be sentenced for conspiracy to commit Hobbs Act robbery merely because he admitted to the underlying facts in his plea agreement, the government offers scant authority to support its position. It cites a single case where the Supreme Court addressed this issue in dicta only. There, the Court stated that it need not "consider the precise limits on the appellate courts' power to substitute a conviction on a lesser offense for an erroneous conviction of a greater offense." *Rutledge v. United States*, 517 U.S. 292, 306 (1996). In *Rutledge*, as in the cases cited by the Supreme Court on this point, the defendant was convicted of both the greater offense and the lesser included offense. *Id.* (and cases cited there). Here, Ebron was not convicted of Hobbs Act Conspiracy, so it is not appropriate to sentence him on that charge.

For these reasons, I deny the government's motion to reconsider.

/ / / /

/ / / /

### B. Ebron's release pending appeal

The government requests that Ebron remain in custody pending its appeal of my order. Pursuant to 18 U.S.C. § 3143(c), I am to treat the defendant in accordance with 18 U.S.C. § 3142. Thus, I will hold a hearing on whether to release or detain Ebron on Monday, September 18, 2017 at 2:00 p.m. in Las Vegas courtroom 6C. The Pretrial Services Office will contact Ebron's counsel to arrange an interview with Ebron before that hearing. The parties may file briefs on whether Ebron should be detained by 12:00 noon on Friday, September 15, 2017.

### C. Conclusion

IT IS THEREFORE ORDERED that the defendant's motion to strike **(ECF No. 84)** is **DENIED as moot.**

IT IS FURTHER ORDERED that the government's motion to reconsider **(ECF No. 88)** is **DENIED.**

IT IS FURTHER ORDERED that a detention hearing will be conducted on **Monday, September 18, 2017 at 2:00 p.m.** in Las Vegas courtroom 6C. The parties may file briefs on whether Ebron should be detained by 12:00 noon on Friday, September 15, 2017.

DATED this 7th day of September, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE